2026 PA Super 132

| | | |
|---|---|---|
| JOHN MUSIKA AND LINDA MUSIKA, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 599 EDA 2023 |
| ABINGTON - JEFFERSON HEALTH, ABINGTON HEALTH, ABINGTON HEALTH PHYSICIANS,  ABINGTON MEMORIAL HOSPITAL, JENNIFER V. FABRIZZIO, JONAS J. GOPEZ,  HANS Y. KIM, LANSDALE HOSPITAL, NEUROLOGICAL ASSOCIATES OF ABINGTON,  STEPHEN PRIPSTEIN, RADIOLOGY GROUP OF ABINGTON PC AND WILLOW GROVE OPEN MRI, INC. | : | |

Appeal from the Judgment Entered February 2, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2015-24722

BEFORE:  BOWES, J., OLSON, J., STABILE, J., DUBOW, J., KUNSELMAN, J.,
NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and BECK, J.

CONCURRING AND DISSENTING OPINION BY McLAUGHLIN, J.:

**FILED JUNE 22, 2026**

I must respectfully dissent from the majority's conclusion that the failure to give an increased-risk-of-harm instruction as to Dr. Jonas J. Gopez was harmless. The majority believes that the jury's finding that Dr. Gopez was not negligent neuters the erroneous decision not to give that instruction. I cannot agree. The Musikas' theory against Dr. Gopez was that the way he performed the operation was below the standard of care because it increased the risk that the cancer would recur. Against that backdrop, the court told the jury

that it could find another defendant, Stephen Pripstein, liable under an increased-risk-of-harm standard, without a like instruction as to Dr. Gopez. Since the Musikas' argument was that Dr. Gopez was negligent because he had increased the risk of harm, but there was no instruction that it could apply such a theory to Dr. Gopez, the jury naturally would have thought that it should find Dr. Gopez not negligent. I would find prejudice and vacate and remand for a new trial.

These circumstances clearly meet the standard for granting a new trial on account of an erroneous jury instruction. A new trial is in order if the erroneous instruction "amounted to a fundamental error or the record is insufficient to determine whether the error affected the verdict." **Carlino v. Ethicon, Inc.**, 208 A.3d 92, 116 (Pa.Super. 2019) (citing **Tincher v. Omega Flex, Inc.**, 104 A.3d 328, 351 (Pa. 2014)). As set forth above, the asymmetrical giving of the instruction could reasonably have misled the jury, and the record does not dispel that possibility.

Contrary to the majority's assessment, **Jones v. Montefiore Hospital**, 431 A.2d 920, 925-26 (Pa. 1981), supports the finding of prejudice. The Court in **Jones** explained that it found prejudice there because "the jury might have reached its decision as a result of the incomplete and erroneous instructions on causation[.]" **Id.** at 925. That is the precise situation here. The omission of the increased-risk-of-harm instruction for Dr. Gopez, but the giving of the instruction as to Dr. Pripstein, was erroneous and misleading. The jury

received "incomplete and erroneous instructions" and "might have reached its decision as a result[.]" ***See id.***

The majority attempts to distinguish ***Jones*** because there the Court did not describe the verdict slip. The Court in ***Jones*** did not find a need to speculate about the jury's reason for reaching its verdict to find prejudice. Indeed, as the Supreme Court has explained, if the record is not sufficient to determine if an erroneous instruction affected the verdict, then we should grant a new trial. ***See Tincher***, 104 A.3d at 351; ***see also Carlino***, 208 A.3d at 116. The majority's addition of such a requirement in this case is in tension with ***Jones***. Here, as in ***Jones***, the jury received incomplete and erroneous instructions on a material aspect of the case, and it reasonably might have based its decision on the instructions the court gave. I would grant a new trial.

Judge Kunselman, Judge Nichols, and Judge Beck join this Concurring and Dissenting Opinion.